**Donnie LAIR, Appellant,**

v.

**Dr. Walter OGLESBY, Psychiatrist, Maximum Security Unit, Appellee.**

No. 88–1160.

United States Court of Appeals, Eighth Circuit.

Submitted July 29, 1988.

Decided Oct. 20, 1988.

Donnie Lair, pro se.

David B. Eberhard, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Donnie Lair appeals pro se from the district court's order granting summary judgment in favor of appellee Dr. Walter Oglesby. We affirm in part and reverse in part.

Lair is incarcerated in the maximum security unit at the Arkansas Department of Corrections in Tucker, Arkansas. He filed this 42 U.S.C. § 1983 action against Ogles-

by, a psychiatrist at the maximum security unit, alleging due process and eighth amendment violations arising out of the prescription and administration of the drug prolixin, a drug indicated in the management of manifestations of psychotic disorders.

■ Lair makes three basic allegations. He first contends that Oglesby prescribed the prolixin even though Lair did not believe he needed it. The district court correctly dismissed this allegation. Inadequate prison health care rises to a constitutional violation only when prison officials are deliberately indifferent to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Mere disagreement with medical treatment, however, does not constitute a constitutional violation. *Martin v. Sargent,* 780 F.2d 1334, 1339 (8th Cir.1985).

■ Lair also alleges that Corrections' officers used excessive force in administering the prolixin injections. He does not, however, contend that Oglesby participated in the administration of the injections or that he used excessive force in any way. He merely argues that because Oglesby prescribed the prolixin, he is liable for the manner of its administration. Such a claim is predicated upon a *respondeat superior* theory which is inapplicable in section 1983 suits. *Id.* at 1337. The district court thus correctly held that Lair failed to state a claim of excessive force against Oglesby and properly dismissed this allegation.

Finally, Lair alleges that his constitutional protection against cruel and unusual punishment was violated when Oglesby continued to prescribe prolixin after being advised by Lair that he suffered an allergic reaction, a sore neck and swollen tongue, to the drug. The district court correctly held that this allegation states a claim for relief under section 1983. *Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir.1974) (where a

prisoner advised medical personnel that he was allergic to penicillin but the drug was nevertheless administered and an allergic reaction followed, the prisoner stated a claim of deliberate indifference to known medical needs).[1] The district court, however, dismissed the claim based on its reading of Oglesby's affidavit in support of his motion for summary judgment that Lair was given only one injection of prolixin on September 23, 1985. However, in his verified complaint, Lair seems to complain of receiving continued injections of prolixin after notifying Dr. Oglesby this drug produced adverse bodily reactions. Lair asserted that the prison officials forcibly administered prolixin for "some month's" [sic] and "I told him [Dr. Oglesby] my neck hurts my tung sweld [sic] up he would not listen at all. I filed affidavit to be took [sic] off but they still would not take me off." While this language may not be precise, Lair's objections to the recommended disposition of dismissal by the magistrate recited that despite informing Dr. Oglesby of adverse reactions, the administration of shots of prolixin continued.

■ As we read the record, a dispute exists whether or not Dr. Oglesby, after receiving notice of adverse reactions from the drug, continued to prescribe, order or permit additional injections of prolixin into Lair. Thus, the district court improperly granted summary judgment in this case on this disputed matter.

In accordance with the foregoing, we affirm the district court's dismissal of Lair's claim of deliberate indifference to known medical needs based on his disagreement with the course of his medical treatment and his claim of excessive force. However, we reverse the district court's dismissal of Lair's claim of deliberate indifference to known medical needs resting on Lair's allegations regarding notice of an allergic reac-

---

**1.** The Supreme Court denied certiorari in *Thomas v. Pate,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 on October 15, 1974, and on the same day vacated the judgment "for further consideration in light of *Wolff v. McDonnell,* 418 U.S. 539 [94 S.Ct. 2963, 41 L.Ed.2d 935] (1974)", dealing with prison disciplinary proceedings. 419 U.S. 813,

95 S.Ct. 288, 42 L.Ed.2d 39 (1974). The Seventh Circuit's determination that petitioner stated a claim for deliberate indifference to known medical needs was unaffected by the vacation of the judgment by the Supreme Court. *See* 516 F.2d 889 (7th Cir.), *cert. denied,* 423 U.S. 877, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975).

tion to the prolixin, and we remand that portion of the case to the district court for further proceedings and appropriate disposition.