**James P. TAYLOR, Appellant,**

v.

**C.A. TURNER, Warden, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

No. 88–2503.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1989.

Decided Sept. 8, 1989.

Rehearing Denied Oct. 13, 1989.

Medical Center (Turner) had violated the eighth amendment's prohibition against cruel and unusual punishment through deliberate indifference to Taylor's serious medical needs. The district court held that there was no evidence to support a finding of an eighth amendment violation. We affirm.

Taylor was assaulted by another inmate at the United States Penitentiary in Lewisburg, Pennsylvania, in March 1987, suffering severe brain and neurological injuries, including paralysis of his mouth, lips, and tongue, which affected his ability to eat. He lost a substantial amount of weight, and his immune system was adversely affected. He was also diagnosed as having a bilateral inguinal hernia. Taylor alleges that as a result of the assault he suffers from a loss of hearing, an equilibrium problem, and a substantial loss of mental capability.

Taylor contends that he needs treatment for his mental deficiency, surgery for the hernia, a hearing aid or treatment, and nutritional supplements to maintain or gain body weight. He asks that we order the necessary medical services at the Medical Center. Alternatively, Taylor requests that he be allowed to remain at the Medical Center rather than being transferred to the Federal Correction Institution at Oxford, Wisconsin, as the government proposes to do.

The district court found that Taylor had been examined and evaluated by several medical professionals for various problems and had been provided significant medical attention. After reviewing the affidavit of Kenneth A. Spangler, D.O., Deputy Chief of Health Programs for the Medical Center, and portions of Taylor's medical records, the court dismissed Taylor's petition on the ground that there was no evidence to support a claim of deliberate indifference to his serious medical needs.

Denial of medical care can be the equivalent of cruel and unusual punish-

Lawrence R. Tucker, Kansas City, Mo., for appellant.

Gregory K. Johnson, Springfield, Mo., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BROWN,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

James P. Taylor, an inmate in the United States Medical Center for Federal Prisoners at Springfield, Missouri (Medical Center), appeals from the district court's[1] denial of his petition for writ of habeas corpus under 28 U.S.C. § 2255. Taylor's petition alleged that C.A. Turner, Warden at the

---

* The HONORABLE JOHN R. BROWN, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri.

ment in violation of the eighth amendment if the prison officials show "deliberate indifference" to the prisoner's "serious medical needs." *Boswell v. County of Sherburne,* 849 F.2d 1117, 1121 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977)).

■ Although Taylor asks that we exercise de novo review of the documentary evidence bearing on his claim of deliberate indifference, we apply the clearly erroneous standard of review, which applies " 'even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.' " *Rogers v. Kelly,* 866 F.2d 997, 1000 (8th Cir.1989) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511–1512, 84 L.Ed.2d 518 (1985)). *See* Fed.R.Civ.P. 52(a).

Taylor contends that the district court's denial of his petition was in error because he was denied necessary medical treatment. Taylor alleges that no surgical procedure has been provided to correct the cochlear lesion related to his hearing loss. He also alleges that he has been denied surgical treatment for a bilateral inguinal hernia, medical care for his equilibrium problem, and treatment for his loss of mental capability.

■ The evidence indicates the prison medical staff did not show deliberate indifference. Taylor was examined by six physicians. He received surgery for correction of his vision. He was given an audiological evaluation for hearing impairment, an evaluation by two staff surgeons for his inguinal hernia, and psychological and educational testing. He was also evaluated by the ear, nose, and throat neurology services.

Although Taylor may disagree with the care provided by the Medical Center, the action taken by the medical staff does not constitute deliberate indifference. *Martin*

*v. Sargent,* 780 F.2d 1334, 1339 (8th Cir. 1985).

Taylor also contends that he cannot receive the necessary medical treatment at any federal penitentiary other than a medical center because the specialties and subspecialties which he seeks are offered at the medical center by the staff or community. Dr. Spangler, however, stated in an April 1989 affidavit that Taylor has reached the maximum medical benefit and can function adequately in any regular prison.

Because we find Turner did not show deliberate indifference to Taylor's serious medical needs, we affirm the district court's judgment dismissing the petition for writ of habeas corpus. We also find that Taylor's medical condition does not require that he remain at the Medical Center and that he may therefore be transferred to the Federal Correctional Institution at Oxford, Wisconsin.