982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Warren E. SHOEMAKE, Appellant,
v.
Jack CADE, Dan Bullock, Jerry Hicks, Tom Mesey, Jim Huff,
Prentice Rodgers, and Carl Artman, Appellees.
 No. 92-1928EMSL
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: January 13, 1993.
 
 Before JOHN R. GIBSON, and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 Appellant Warren Shoemake (Shoemake) appeals the decision of the district court of the Eastern District of Missouri[1] granting appellees'[2] motions for summary judgment and dismissing appellant's 42 U.S.C. § 1983 action.
 
 
 2
 As grounds for reversal Shoemake argues that the district court erred in granting summary judgment because there are genuine issues of fact as to whether appellees' actions constitute deliberate indifference to appellant's serious medical needs in violation of his eighth amendment rights. Both the jail defendants and Dr. Artman request affirmance of the district court because the district court did not err in finding that their actions did not constitute deliberate indifference. The jail defendants also contend they are entitled to qualified immunity and that they cannot be held liable to appellant on the basis of respondeat superior. Dr. Artman also asserts that he was not acting under color of law; therefore, he cannot be held liable under 42 U.S.C. § 1983. We affirm.
 
 FACTS
 
 3
 Shoemake seriously injured his right hand at work on April 11, 1989. He was treated at Jewish Hospital in St. Louis, Missouri by Dr. David Caplin. Dr. Caplin operated on Shoemake's hand twice. Dr. Caplin also administered follow-up care on three occasions. Plaintiff failed to attend two of his appointments with Dr. Caplin.
 
 
 4
 Shoemake underwent physical therapy under the supervision of a hand rehabilitation specialist, Terilee Hammett, in St. Louis County from April 21, 1989, to July 26, 1989. He attended twelve physical therapy sessions. Hammett prescribed a home therapy program for Shoemake which included such exercises as squeezing a plastic and rubber band apparatus and wearing a protective glove at various times.
 
 
 5
 Shoemake was arrested for armed robbery and incarcerated in the St. Francois County Jail on August 2, 1989, where he remained until February 1990. While confined at the jail, he was examined and treated on a monthly basis by Dr. Carl Artman. He was first examined on August 18, 1989. Dr. Artman prescribed Talwin (for pain) and Tagamet (for stomach problems); requested the medical records from Dr. Caplin; and told Shoemake to return in one week. The following week Shoemake was seen again by Dr. Artman and was advised to continue his physical therapy program initiated by Hammett. Dr. Artman arranged for Shoemake's therapy equipment, including his protective glove, to be brought into Shoemake's cell.[3]
 
 
 6
 Shoemake saw Dr. Artman a total of six times during his six-month incarceration. On these occasions, Dr. Artman prescribed pain medication and urged appellant to continue his home physical therapy. Shoemake refused to attend several scheduled appointments with Dr. Artman.
 
 
 7
 Shoemake asserts that during his incarceration he sent at least four notes to the jail personnel indicating that he needed special physical therapy to avoid permanent damage to his hand. Shoemake also claims to have told Dr. Artman of his need for a hand therapist on several occasions.
 
 
 8
 Shoemake was released from St. Francois County Jail on February 5, 1990. He later brought this lawsuit under 42 U.S.C. § 1983, alleging that appellees, the jail defendants and Dr. Artman, denied him adequate medical treatment in violation of his eighth amendment rights. The jail defendants and Dr. Artman filed separate motions for summary judgment. The district court granted jail defendants' motion on January 17, 1992. On March 18, 1992, district court granted Artman's motion for summary judgment. This appeal followed.
 
 DISCUSSION
 
 9
 Denial of medical care can rise to the level of cruel and unusual punishment in violation of the eighth amendment if jail officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 97 S. Ct. 285, 292 (1976). Our review is limited to whether the district court committed clear error. Taylor v. Turner, 884 F.2d 1088 (8th Cir. 1989) (clearly erroneous standard of review applies to claim of deliberate indifference).
 
 
 10
 Shoemake does not and cannot on the face of this record assert that he was completely denied access to a doctor. The record shows that he was seen on several occasions by Dr. Artman and was provided prescription medication and advised to continue his home therapy.[4] The jail defendants scheduled these appointments for appellant each time he requested medical treatment.
 
 
 11
 Essentially Shoemake claims that the appellees denied him adequate medical treatment by failing to provide him with a hand specialist in physical therapy. He claims that Dr. Artman was not qualified to treat him and that Dr. Artman's treatment consisted only of prescribing pain medication.[5] Shoemake's claim amounts to nothing more than a disagreement with his course of treatment and is insufficient to sustain a constitutional violation. Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) citing, Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir. 1988) (per curiam). At the very most, appellant's claim is one for medical malpractice and cognizable under state law. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 97 S. Ct. at 292.
 
 
 12
 The evidence shows that appellees were not deliberately indifferent to appellant's serious medical needs. The jail defendants responded to appellant's request for medical treatment and Dr. Artman provided treatment. We find no clear error in the decision of the district court.
 
 
 13
 In light of our holding, we need not address jail defendants' arguments regarding qualified immunity and respondeat superior.
 
 
 14
 The district court rejected Dr. Artman's argument that he was not acting under color of law. In view of our holding that there was no "deliberate indifference" in this case, we do not reach this issue.
 
 
 15
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, Eastern Division
 
 
 [2]
 Appellees Jack Cade, Dan Bullock, Jerry Hicks, Tom Mesey, Jim Huff, Prentice Rodgers (jail defendants) and Dr. Carl Artman (Dr. Artman) filed separate motions for summary judgment, both of which were granted
 
 
 [3]
 The jail did not allow Shoemake to have putty, which was prescribed for a squeezing exercise, as it could be placed in the locks and pose a security risk
 
 
 [4]
 Shoemake contends that he religiously performed his physical therapy in his cell and wore the protective glove at all times. Dr. Artman argues that the medical records contradict this assertion and show that he was not doing his therapy exercise and was not wearing the protective glove; therefore, his failure to follow his home program, not Dr. Artman's treatment, caused his injuries. The court considers this evidence in the light most favorable to Shoemake. Even assuming that Shoemake performed his physical therapy as prescribed by the hand therapist, this fact has little if any relevance to the issue of appellees' deliberate indifference to medical needs and is not material to our decision
 
 
 [5]
 The record shows that Dr. Artman not only prescribed medication but also advised appellant to continue his home therapy and arranged for appellant's therapy apparatus to be delivered to his cell