994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert L. HILL, Appellant,
v.
Paul DELO; Greg Wilson; John Powell; William Govers;
Larry Scott; Donna McCondichie; Glen Stockwell, Appellees.
 No. 92-2807.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1993.
Filed: May 17, 1993.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Hill, a prisoner at the Potosi Correctional Center (PCC), located in Mineral Point, Missouri, brought this § 1983 action against various PCC officers and officials, alleging eighth amendment and due process violations. The district court granted the defendants' motion for summary judgment. Hill appeals, and we affirm in part and reverse and remand in part.
 
 I.
 
 2
 In March and April of 1990, George Cobb, the PCC Institutional Investigations Officer, and Greg Wilson, another PCC officer, conducted an investigation of Hill relating to purported debts Hill owed to other inmates. In the course of the investigation, they discovered letters Hill had written to prison staff members in which he threatened to kill another inmate. They also uncovered similar letters that Hill had purportedly written to other inmates.
 
 
 3
 Following the investigation and based on these written letters, Wilson charged Hill with violating Institutional Conduct Rule 1, entitled "Murder/Manslaughter Attempt." The matter was referred to the Adjustment Board, which, on April 19, 1990, held a hearing, where Hill was present and allowed to make a statement. At the hearing, Hill sought, but was denied, the name of the inmate he purportedly threatened to kill, and apparently did not request to see the letters he supposedly wrote.
 
 
 4
 On April 24, 1990, the Board found Hill violated the rule. As punishment, Hill received a ten-day detention in Phase I Administrative Segregation, and the matter was referred to the County Prosecutor for possible criminal charges.
 
 
 5
 Hill alleges that also on April 24, Glen Stockwell, a PCC guard, physically beat him. Hill asserts he was using the prison phone, when he and Stockwell got into an argument over the length of Hill's phone call. Hill claims Stockwell ended the call, the two continued the argument as Stockwell took Hill back to his cell, and then, while Hill was cuffed both at his ankles and wrists, Stockwell pushed him to the ground and hit him on the back of the head. Hill argues Stockwell then put his knee into the middle of Hill's back, and threatened him with more injury. Hill further claims PCC failed to treat him for these injuries.
 
 
 6
 Hill filed this action under 42 U.S.C. § 1983, alleging: (1) the members of the Adjustment Board violated his due process rights by finding, in the absence of any evidence, that he violated Institutional Conduct Rule 1; (2) Stockwell violated his eighth amendment rights by assaulting him; and (3) his eighth amendment rights were violated when, after making several requests for medical attention following his beating by Stockwell, PCC officials refused to provide him with a Medical Services Request form.
 
 
 7
 The district court granted the defendants' motion for summary judgment, and Hill brings this timely appeal.
 
 II.
 
 8
 The defendants in this case are entitled to summary judgment only if there are no genuine issues of material fact and they are entitled to prevail as a matter of law. Fed. R. Civ. P. 56(c); Green v. United States Dep't of Labor, 775 F.2d 964, 973 (8th Cir. 1985). In determining whether there are genuine issues of fact, we examine the facts and draw all reasonable inferences in the light most favorable to Hill. Id. (citing McGee v. Hester, 724 F.2d 89, 91 (8th Cir. 1983)).
 
 
 9
 Hill first asserts the district court erred in granting summary judgment on his claim that the Adjustment Board violated his due process rights by finding, in the absence of any evidence, he violated Institutional Conduct Rule 1. We are not obliged to review the Adjustment Board's factual determination de novo, but only so as to determine whether there is "some" or "any" evidence to support its decision. See Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989). The Adjustment Board based its decision on Wilson's written statement in which he detailed-out how Hill had written letters indicating he sought to kill or harm a fellow inmate. In our opinion, this report constitutes sufficient evidence to support the Board's decision. This claim of Hill is rejected.
 
 
 10
 Hill next contends the district court erred in granting summary judgment on his claim that Stockwell violated his eighth amendment rights by assaulting him. Hill argues there are genuine issues of material fact concerning the force, severity, and cause of the beating. The parties point us to the Supreme Court's recent ruling in Hudson v. McMillian, 112 S. Ct. 995 (1992) in which the Court stated:
 
 
 11
 When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated.... This is true whether or not significant injury is evident....
 
 
 12
 That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. See Johnson v. Glick, [481 F.2d 1028, 1033 (2d Cir. 1973) ] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " [ Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ].
 
 
 13
 Id. at 1000.
 
 
 14
 The affidavit and deposition testimony are sufficient to survive summary dismissal. The force applied here seems more than minimal considering that the guard beat upon and kneed a shackled prisoner who at times was in a completely helpless, prone position on the floor. We therefore reverse and remand this part of Hill's case for trial.
 
 
 15
 Finally, Hill asserts the district court erred in granting summary judgment on his claim PCC officials violated his eighth amendment rights when, after making several requests for medical attention following his beating by Stockwell, they refused to provide him with a Medical Services Request form. We note that Hill must demonstrate the defendants here acted with deliberate indifference to his serious medical needs. Taylor v. Turner, 884 F.2d 1088, 1089-90 (8th Cir. 1989). The record below indicates that Hill requested medical attention for a sinus problem on April 29, 1990, four days after the alleged beating, for which he was treated the following day. In our view, this does not constitute deliberate indifference and, consequently, the district court properly granted summary judgment of dismissal on this claim.
 
 
 16
 Accordingly, we affirm in part and reverse in part and remand the section 1983 claim for further proceedings.