14 F.3d 15
 Donnie LAIR, Appellant,
v.
Dr. OGLESBY, Psychiatrist, Maximum Security Unit; Arkansas
Department of Correction; Mark Jimmerson, formerly a
Corrections Officer at the Maximum Security Unit; Larry
Norris, Now Assistant Director, Arkansas Department of
Corrections and formerly Warden, Maximum Security Unit;
A.L. Lockhart, Director, Arkansas Department of Corrections,
Appellees.
 No. 93-1097.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 14, 1993.
Decided Dec. 30, 1993.
 
 Clint Saxton, West Memphis, AR, argued, for appellant.
 David B. Eberhard, Asst. Atty. Gen., Little Rock, AR, for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 We revisit the case of Lair v. Oglesby, in which an Arkansas prison inmate sues the prison psychiatrist for requiring him to take prolixin, a drug used to treat psychosis. Lair originally asserted due process and Eighth Amendment claims (by way of 42 U.S.C. Sec. 1983 (1988)) based on the original prescription and administration of the drug. The district court[1] dismissed Lair's case for failure to state a claim and we affirmed, except that we remanded for trial of the narrow issue of whether Dr. Oglesby violated the Eighth Amendment by continuing to have Lair treated with prolixin after notice that Lair suffered "adverse bodily reactions" to the drug. Lair v. Oglesby, 859 F.2d 605, 606 (8th Cir.1988) (Lair I ). On remand, Lair amended his complaint to restate his due process claim. The district court dismissed the restated due process claim, holding that the due process theory was foreclosed by law of the case and res judicata. After trial on the adverse reaction theory, the district court found that Dr. Oglesby's continuing treatment of Lair with prolixin was not deliberate indifference to Lair's needs, but a good faith exercise of Oglesby's medical judgment. Lair appeals this finding and the dismissal of his due process claim. We affirm.
 
 
 2
 The district court, in dismissing Lair's new due process claim, relied on both law of the case doctrine and res judicata. Lair v. Oglesby, No. PB-C-87-210, slip op. at 4 (E.D.Ark. June 10, 1991). We are satisfied that law of the case doctrine does warrant this ruling. Lair stated his due process claim in his original complaint. We acknowledged the due process claim in affirming the district court's dismissal of all but the "adverse bodily reaction" claim, Lair I, 859 F.2d at 606, though we decided the due process claim implicitly, rather than with discussion. Law of the case doctrine prevents relitigation of issues already decided in a case, including matters decided implicitly, rather than explicitly. Morris v. American Nat'l Can Co., 988 F.2d 50, 52 n. 1 (8th Cir.1993); Little Earth of the United Tribes, Inc. v. United States Dep't of Housing and Urban Dev., 807 F.2d 1433, 1438 (8th Cir.1986). We have expressed reluctance to apply law of the case doctrine if the earlier holding was clearly erroneous and to adhere to it would work a manifest injustice. Little Earth, 807 F.2d at 1441. We need only say that we see no manifest injustice in this case.[2]
 
 
 3
 Lair also claims the district court erred in finding that Dr. Oglesby was not deliberately indifferent to Lair's medical needs in continuing to treat him with prolixin after he complained of side effects.
 
 
 4
 We may not disturb the district court's findings of fact unless they are clearly erroneous, leading us to a definite and firm conviction that a mistake has been committed. Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).
 
 
 5
 The district court recited the evidence at length, but we need only state the essentials. The record established that when Lair first came under Dr. Oglesby's care, he was delusional. Dr. Oglesby concluded that Lair was psychotic. Lair and Oglesby both called psychiatrists as expert witnesses; Lair's witness said that the record did not warrant the conclusion that Lair was psychotic and Oglesby's witness said it did.
 
 
 6
 Because Oglesby concluded that Lair was psychotic, Oglesby chose to treat Lair with prolixin. Prolixin is a powerful neuroleptic drug that will treat psychosis, but also causes side effects, including tremors and muscular constriction that can lead the patient to believe his tongue is swollen. Prolixin exists in a form that has to be used several times daily and in a longer-acting form that is held in the tissue and gradually released over a period of weeks. Oglesby and his expert testified that the longer acting form is a good choice in situations where it is difficult to administer the drug more frequently. Oglesby's expert stated that the decision to treat Lair with the longer-acting drug was sound, because Lair fought with the guards who administered the injections. Additionally, Lair saved up a large quantity of another medication to take at once in a suicide gesture, making oral medication problematic. Lair's expert stated that it was undesirable to give a patient the longer-acting form of the medication when it was uncertain what the extent of the side effects would be. However, Lair's expert admitted it was proper to use the longer-acting form when a person refuses to take the medicine voluntarily. Oglesby's expert also stated that Oglesby prescribed a very low dosage of prolixin for Lair. When Lair complained of suffering from side effects, Dr. Oglesby reduced the frequency of his shots and gave him Cogentin, a medicine that treats the side effects.
 
 
 7
 The district court emphasized that it was not called on in this case to decide whether Dr. Oglesby pursued the appropriate course of treatment. Lair v. Oglesby, No. PB-C-87-210, slip op. at 30 (E.D.Ark. Dec. 1, 1992). The test is instead whether Dr. Oglesby was deliberately indifferent to Lair's needs. Lair I, 859 F.2d at 606. The court held that nothing in the record casts any doubt on Dr. Oglesby's good faith in the course of Lair's treatment. The evidence shows that the probability of the side effects was part of the calculus Dr. Oglesby performed in deciding to prescribe prolixin in the first place and that he began Lair on a small dose for this reason. When Lair complained of the side effects, Dr. Oglesby responded by adjusting his dosage and prescribing another drug to ameliorate the side effects. The district court's finding was not clearly erroneous.
 
 
 8
 We affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 Although we do not reach the res judicata question, we observe that res judicata can apply to prevent reassertion of dismissed claims, even though there remain live claims in the same litigation. Alyeska Pipeline Serv. Co. v. United States, 688 F.2d 765, 770 (Ct.Cl.1982), cert. denied, 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983); see also Merrimack St. Garage, Inc. v. General Motors Corp., 667 F.Supp. 41, 44 (D.N.H.1987) ("determination of a cause of action is final and binding as to matters affirmed by a court of appeals regardless that litigation might continue on some limited matters directly related thereto."); Restatement (Second) of Judgments Sec. 13, comment e (1982) (judgment may be final as to part of an action or claim, with action continuing as to rest)