**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KENNETH R. JAMES,

     Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS;
WARDEN GALLEGOS, in his
individual and fiduciary/official
capacity; CHRISTOPHER J. LAMB,
in his individual and fiduciary/official
capacity; J. NEGRON, HT/EMT, in
his individual and fiduciary/official
capacity; D. THARP, D.O., Clinical
Director, in his individual and
fiduciary/official capacity; FRANK
CORDOVA, N.P., in his individual
and fiduciary/official capacity;
UNKNOWN PHARMACIST, in his
individual and fiduciary/official
capacity; AZUMAH, P.A., in his
individual and fiduciary/official
capacity; MS. BROWN, C.M.T., in her
individual and fiduciary/official
capacity,

     Defendants - Appellees.

No. 03-1118 and 03-1233
(D.C. No. 02-Z-2437)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Plaintiff Kenneth R. James, an inmate appearing pro se, appeals the district court's dismissal of his claim for injunctive relief and monetary damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and his motion to reconsider judgment under Fed. R. Civ. P. 60(b). These claims were consolidated for procedural purposes only; we now decide both appeals together. Mr. James sued the Warden and the medical staff and at FCI Florence, Colorado, claiming a failure to provide proper medical care and deliberate indifference to his medical needs. Doc. 4 (Complaint). Because the operative facts of this case involve negligence or gross negligence and because no abuse of discretion occurred in the district court's denial of the Rule 60(b) motion, we affirm.

As Mr. James is proceeding pro se, we construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). According to the complaint, in the course of a regularly scheduled TB skin test administered to inmates, a prison medical technician failed to check the contents of a syringe and mistakenly

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

administered an injection of tetanus. Both Mr. James and the prison staff were on notice that he suffered from chronic urticaria (hives), which results from an allergic reaction to various substances including tetanus. Mr. James's allergy to tetanus was clearly indicated on the cover of his BOP medical file. Immediately prior to receiving the injection, Mr. James asked to see the container from which the pre-loaded syringes had been drawn from and reminded the technician of his allergic condition. The medical technician responded to the effect that Mr. James could either take the injection or be sent to a segregation unit. Mr. James accepted the injection and subsequently experienced an allergic reaction. In his brief on appeal, Mr. James adds that the source of the problem was the prison pharmacists giving the nurse the wrong substance instead of what had been ordered, tetanus toxoid instead of PPD. Aplt. Br. at VI. Although Mr. James's amended complaint also contains allegations that prison staff attempted to cover up this episode, the substance of his complaint is an Eighth Amendment violation involving the mixup.

On appeal Mr. James argues that the district court erred in determining that his action was legally frivolous because he either could not demonstrate deliberate indifference or personal participation required to prevail on an Eighth Amendment violation. The district court dismissed Plaintiff's claims as to all Defendants except the person administering the injection, on the grounds that a

- 3 -

Bivens suit will not lie against any Defendant not directly involved in the alleged violation. The district court further rejected Plaintiff's claims against the medical technician, holding that her conduct amounted to no more than gross negligence, and as such is insufficient to support a claim of deliberate indifference.

We review the district court's dismissal of Plaintiff's Bivens action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), as well as the denial of a Fed. R. Civ. P. 60(b) motion, for an abuse of discretion. See Switzer v. Coan, 261 F.3d 985, 988 (10th Cir. 2001) (Rule 60(b)); Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir. 1997) (§ 1915(e)(2)(B)(i)). Even if we reviewed the dismissal de novo (as one for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)), we would come to the same result.

In order to succeed on his Eighth Amendment claim, Plaintiff must demonstrate both an objective and subjective component, that his medical condition (risk of hives from an improper injection) was sufficiently serious and that a named prison official was aware of the facts suggesting a substantial risk of harm from the course of action taken. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). Negligence, or even gross negligence, does not constitute deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 n.14 (1976) (negligence); Berry v. City of Muskogee, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (negligence

or gross negligence); see also Perkins v. Lawson, 312 F.3d 872, 876 (7th Cir. 2002) (same).

We need not address the first component, although we would note that hives are rarely serious, because it is clear that the second component cannot be met on these facts. The complaint cannot satisfy the requirement that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw that inference." Farmer, 511 U.S. at 837. No allegation suggests that the technician (let alone others named in the complaint) was aware of any likelihood that the pre-loaded syringes contained the wrong substance.

That distinguishes this case from Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974), where the Seventh Circuit found deliberate indifference where a nurse gave an inmate a shot of penicillin, despite the medical staff being told of the inmate's allergy to penicillin and the inmate's medical record so indicating. Thomas was cited as an example of deliberate indifference in Estelle, 429 U.S. at 104 n.10, but it involved the knowing use of a drug the inmate was allergic to and a subsequent failure to treat when a physician was informed of the problem. In the present case, upon discovering Mr. James's allergic reaction, prison staff administered medical treatment. The fact that this treatment was not to Mr. James's liking does not constitute deliberate indifference. See also Lair v.

Oglesby, 859 F.2d 605, 606 (8th Cir. 1988) (summary judgment improper where complaint alleged continued injections of drug after notifying prison psychiatrist of adverse reactions); Benson v. Cady, 761 F.2d 335, 341 (7th Cir. 1985) (no Eighth Amendment claim where there was no allegation that physician "intentionally prescribed the incorrect medication or that he did so with the knowledge that it would harm [the inmate]"); Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir. 1979) (under former version § 1915, complaint was not frivolous where inmate warned physician of allergic reaction, yet physician continued prescribing medication with harmful consequences). The facts in this case are not as egregious. Given our conclusion, it follows that the district court did not abuse its discretion in denying the Rule 60(b) motion.

AFFIRMED. We GRANT Mr. James's application to proceed without prepayment of the appellate filing fee and remind him that he is obligated to continue making payments until the entire appellate filing fee has been paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge