NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013[*]
Decided March 29, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2244

| | |
|---|---|
| SAMUEL LEE ANDERSON, | Appeal from the United States District |
| *Plaintiff–Appellant,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 09 C 50196 |
| ROBERT BALES, et al., | |
| *Defendants–Appellees.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Samuel Anderson, an Illinois state prisoner, sued a prison doctor and two nurses for deliberate indifference to his hernia, hematuria, and cardiomyopathy, 42 U.S.C. § 1983. The district court granted summary judgment for the defendants, concluding that Anderson failed to present evidence challenging their medical judgment that his hernia could be treated adequately with non-surgical measures, and that Anderson had abandoned his claims regarding his other conditions.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Anderson appeals, but his scant brief is inadequate. We liberally construe pro se filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), but Anderson still must make a cogent argument with citations to the record and supporting authority, *see* FED. R. CIV. P. 28(a)(9); *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Anderson has failed to do so and thus has not preserved any issue for appeal. *See Wehrs v. Wells*, 688 F.3d 886, 891 n.2 (7th Cir. 2012); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998).

Even if Anderson had properly preserved his claim, it lacks merit. As the district court explained, the evidence showed that a doctor and nurse examined Anderson at least nine times (not including medicine renewals) between October 2008 and October 2009, diagnosed him with a reducible hernia, manually reduced the hernia, showed him how to reduce it on his own, and prescribed him pain killers and an abdominal binder to treat the hernia. Anderson's claim boils down to a disagreement with the doctor's medical judgment (he wanted surgery and the doctor concluded that he could be treated effectively without it), and a disagreement with a method of treatment does not support a claim of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976); *Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006); *Taylor v. Turner*, 884 F.2d 1088, 1090 (8th Cir. 1989).

DISMISSED.