*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-2043

Edward David Stahlmann,
Appellant,

vs.

Minnesota Department of Corrections, et al.,
Respondents,

Centurion of Minnesota, et al.,
Respondents.

**Filed July 5, 2016**
**Affirmed**
**Ross, Judge**

Rice County District Court
File No. 66-CV-14-2724

Edward David Stahlmann, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Margaret Jacot, Assistant Attorney General, St. Paul, Minnesota (for respondents Minnesota Department of Corrections, et al.)

Mark A. Solheim, Anthony J. Novak, Paula Duggan Vraa, Larson King, LLP, St. Paul, Minnesota (for respondents Centurion of Minnesota, et al.)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

Edward Stahlmann is a prison inmate who uses a catheter to allay an undiagnosed urine retention condition. The Minnesota Department of Corrections has attempted to treat Stahlmann's condition with the help of several specialists, but doctors have not determined its cause. Stahlmann sued the department, its medical-services vendor, and their employees, alleging that they were negligent and denied him adequate medical care in violation of the Eighth Amendment. The district court granted summary judgment to the defendants. Because Stahlmann presented no evidence that prison officials or their agents were deliberately indifferent to his medical needs, and because Stahlmann waived his negligence claim, we affirm.

## FACTS

Edward Stahlmann is a state inmate incarcerated in Faribault. Stahlmann began having difficulty urinating while he was jailed in Hennepin County in 2013. He was then treated by a urologist at the Hennepin County Medical Center. His doctor conducted tests but could not diagnose the cause of Stahlmann's difficulty. The doctor prescribed him a Foley catheter, which allowed him to manage the condition by continuously emptying his bladder. The department of corrections transferred him to prison in Faribault in November 2013. There he continued receiving medical treatment from Centurion of Minnesota, a medical-services vendor that provides onsite inmate care.

Stahlmann's urinary problem persisted. On several occasions, department of corrections nurses had difficulty re-inserting his catheter. When this happened, the

department sent Stahlmann to a hospital to prevent long-term damage to his bladder or kidneys. He suffered occasional urinary tract infections and was hospitalized after he developed blood in his urine. Three urologists and a neurologist examined Stahlmann. They could not determine the cause of his condition despite putting Stahlmann through various tests, including a cystoscopy and MRI scans. The cause of his urine retention condition remains unknown.

Stahlmann filed a civil complaint in November 2014. He alleges that the department, Centurion, and employees of both were negligent and deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments. The defendants moved for summary judgment. The district court interpreted Stahlmann's negligence claim as an Eighth Amendment claim against all defendants. It did not address his medical negligence claim. It granted the defendants' motions and dismissed all claims.

Stahlmann appeals.

## D E C I S I O N

Stahlmann challenges the dismissal of his Eighth Amendment and negligence claims. We review summary judgment decisions de novo to determine whether the district court applied the law properly and whether genuine issues of material fact exist. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). We consider the evidence in the light most favorable to the nonmoving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993).

Stahlmann argues that the district court erred by dismissing his Eighth Amendment claim. The Eighth Amendment prohibits cruel and unusual punishment, U.S. Const.

3

amend. VIII, and this includes deliberately failing to provide an inmate necessary medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S. Ct. 285, 291 (1976). To succeed on an Eighth Amendment claim based on inadequate medical care, a prisoner must show that he suffered from a serious medical need to which prison officials were deliberately indifferent. *Id.* The threshold element requires the prisoner to show objectively that he suffered from an acute or escalating condition or that delays in care adversely affected his prognosis. *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997). The second element leads to subjective inquiry requiring the prisoner to demonstrate that prison officials actually knew of his medical condition but deliberately disregarded his medical needs. *Id.* at 1239. It is not enough that a prisoner disagrees with his medical treatment; he must show deliberate indifference. *Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir. 1988). That is, the medical care received must be "so inappropriate as to evidence intentional maltreatment." *Jolly v. Knudsen*, 205 F.3d 1094, 1097 (8th Cir. 2000) (quotation omitted).

We can assume without deciding that Stahlmann is correct that his condition constitutes a serious medical need. We affirm the district court's dismissal of his Eighth Amendment claim because he has failed to present evidence that the respondents acted with deliberate indifference to his medical needs.

The undisputed evidence shows that prison officials and their agents were deliberately responsive, not indifferent, to Stahlmann's medical needs. They responded to his medical condition and took steps intending to identify and treat the condition. The department engaged four medical specialists who examined Stahlmann with a variety of testing devices and procedures. The department also promptly hospitalized Stahlmann

4

when catheter problems arose, and his medical care providers issued him a different catheter to reduce the risk of infections and prescribed medicine to manage his pain. The department's response to Stahlmann's medical condition was far from indifferent.

Stahlmann argues that his doctors should have considered alternative treatments—treatments that Stahlmann says he discovered in medical journals. The argument is unavailing because a prisoner's mere disagreement with treatment he received does not establish deliberate indifference. *Oglesby*, 859 F.2d at 606. Because the record shows that prison officials were not indifferent to Stahlmann's urine retention problem—and indeed, officials went to substantial lengths to determine the cause of his condition—the district court did not err by dismissing Stahlmann's Eighth Amendment claim.

We are unpersuaded by Stahlmann's argument that the district court erred by not deciding his negligence claim on the merits. In opposing summary judgment, Stahlmann conceded that he was "not arguing medical malpractice, medical error, medical mistake, or a failure to cure." Even if he had not waived the claim, it would fail. He did not submit expert affidavits required by Minnesota Statutes section 145.682, subdivisions 2–4 (2014). His claim that doctors ignored alternative treatments implicates his medical care, whether he calls it negligence or medical malpractice. Either way, it implicates the expert assessment of the medical judgment of those who treated him. *See Broehm v. Mayo Clinic Rochester*, 690 N.W.2d 721, 728 (Minn. 2005).

**Affirmed.**